IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:05-CR-108-D
No. 7:11-CV-261-D

| | | |
|---|---|---|
| JAMES MATTHEW MCDOUGALD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 5, 2006, pursuant to a written plea agreement, James Matthew McDougald ("McDougald" or "petitioner") pled guilty to one count of possession of a firearm by a felon and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 922(g)(1). See [D.E. 1, 18–19]. On September 11, 2006, this court sentenced McDougald to 120 months' imprisonment [D.E. 21–22]. McDougald did not challenge his sentence until February 11, 2011, when he filed a motion under 28 U.S.C. § 2241 in the Middle District of Pennsylvania. McDougald v. Bledsoe, No. 3:11-cv-292-EMK-LQ, [D.E. 1] (M.D. Pa. Feb. 11, 2011). On March 25, 2011, McDougald filed an identical section 2241 motion in this court [D.E. 25]. On March 31, 2011, the United States District Court for the Middle District of Pennsylvania dismissed McDougald's section 2241 motion, holding that the relief McDougald sought was proper under 28 U.S.C. § 2255, not under section 2241. McDougald, No. 3:11-cv-292-EMK-LQ, [D.E. 5] (M.D. Pa. Mar. 31, 2011). On April 6, 2011, McDougald moved in this court to amend his section 2241 motion [D.E. 26], indicating that he intended his section 2241 motion to be a section 2255 motion, asking the court to treat it as such, and asking the court to excuse the late filing. On April 13, 2011, the court ordered McDougald to resubmit his section 2255 motion within fourteen days using the proper form [D.E. 27]. For more

than two months, McDougald did not respond. Accordingly, on June 27, 2011, the court ordered McDougald to show cause why his section 2255 motion should not be dismissed for failure to prosecute [D.E. 28]. The court ordered McDougald to respond within twenty-one days. Id. Nearly six months later, on December 13, 2011, McDougald refiled his section 2255 motion using the proper form [D.E. 29]. McDougald, however, did not sign his motion. See [D.E. 29]. On December 15, 2011, the court notified McDougald of this deficiency [D.E. 30]. On January 4, 2012, McDougald resubmitted his section 2255 motion with an original signature [D.E. 32]. On January 23, 2012, the court reviewed McDougald's motion and directed the government to respond within forty days [D.E. 33]. On February 29, 2012, the government moved to dismiss McDougald's section 2255 motion [D.E. 34] and filed a supporting memorandum [D.E. 35]. On February 29, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified McDougald about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 36]. McDougald did not respond. As explained below, the court grants the government's motion to dismiss.

I.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to a motion under" section 2255. 28 U.S.C. § 2255(f). A section 2255 motion must be filed no more than one year from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In arguing that he timely filed his section 2255 motion, McDougald contends only that "[i]t wasn't until [the] Supreme Court ruled in [Williams v. United States, 130 S. Ct. 1734 (2010) (mem.), Johnson v. United States, 130 S. Ct. 1265 (2010), Begay v. United States, 553 U.S. 137 (2008), Dretke v. Haley, 541 U.S. 386 (2004), United States v. LaBonte, 520 U.S. 751 (1997), Stinson v. United States, 508 U.S. 36 (1993), and United States v. Bass, 404 U.S. 336 (1971)] that [McDougald] was able to raise" the issues presented in his section 2255 motion. [D.E. 26] 2; see [D.E. 32] 12; [D.E. 32-1] 2, 6. McDougald's argument fails. The Supreme Court decided Williams, Johnson, Begay, Dretke, LaBonte, Stinson, and Bass more than one year before McDougald filed his March 25, 2011 section 2255 motion.[1] Accordingly, absent equitable tolling, McDougald's section 2255 motion is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

---

[1] Even if the date on which McDougald filed his section 2241 motion in the Middle District of Pennsylvania (i.e., February 11, 2011) is the relevant filing date for McDougald's section 2255 motion, see Jones v. United States, __ F. Supp. 2d __, 2012 WL 2786392, at *2–3 (E.D.N.C. 2012), McDougald's motion is still untimely under section 2255(f)(3) with regard to Begay, Dretke, LaBonte, Stinson, and Bass. McDougald's motion would be timely as to Williams and Johnson, but those cases do not announce rules helpful to McDougald in that the court did not sentence him as an armed career criminal under 18 U.S.C. § 924(e)(1). See Williams, 130 S. Ct. at 1734; Johnson, 130 S. Ct. at 1270–74.

3

Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir.), cert. denied, 132 S. Ct. 64 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In support of equitable tolling, McDougald first contends that the court erred at sentencing by applying a base offense level of twenty-four based on McDougald's convictions for crimes of violence and controlled substance offenses. See [D.E. 25] 3–4; [D.E. 32-1] 5–6.[2] McDougald asserts that he is "actually and factually innocent of a crime of violence . . . ." [D.E. 32-1] 2; see [D.E. 25] 3–4. Although the Fourth Circuit has not addressed whether a claim of actual innocence may equitably toll the limitations period, several "circuit courts have held that an actual innocence claim provides a basis for equitable tolling of AEDPA's one-year limitation period and entitles a petitioner to consideration of time-barred constitutional claims." Rozzelle v. Sec'y, Fla. Dep't of Corrs., 672 F.3d 1000, 1012 n.14 (11th Cir. 2012) (per curiam); see Perkins v. McQuiggin, 670 F.3d 665, 672 (6th Cir. 2012) (collecting cases).

"Claims of actual innocence, whether presented as freestanding ones, or merely as gateways to excuse a procedural default, should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Rather, a petitioner must provide clear and convincing evidence demonstrating that he is factually innocent. See United States v. Pettiford, 612 F.3d 270, 282 (4th Cir.), cert. denied, 131 S. Ct. 620 (2010); Greene v. United States, Nos. 1:10CV739, 1:08CR433-1, 2011 WL 1062877, at *2 (M.D.N.C. Mar. 21, 2011) (unpublished). McDougald

---

[2] McDougald also alleges that he was improperly sentenced as a career offender pursuant to 18 U.S.C. § 924(e). See [D.E. 25] 4; [D.E. 26] 1–2; [D.E. 32] 12; [D.E. 32-1] 5–6. McDougald was not sentenced as a career offender. See [D.E. 21–22]. Thus, this argument fails.

4

presents no new, let alone clear and convincing, evidence in support of his conclusory assertion of innocence, and the court rejects his argument.

Second, McDougald blames his late filing on his court-appointed attorney. See [D.E. 26] 1–2. Specifically, McDougald contends that he "requested [that his attorney] raise the actual innocence claim because [McDougald] didn't believe [he] was guilty of a crime of violence . . . . But [McDougald's attorney] abandoned the case and did not raise the actual innocence issue or file a direct appeal." Id. 2. McDougald's conclusory assertion fails to demonstrate diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. Notably, after McDougald's attorney declined to raise an actual innocence claim on appeal, McDougald waited more than four years before raising the issue himself. Likewise, McDougald was likewise dilatory in responding to this court's orders after McDougald filed his section 2255 motion on March 25, 2011. In any event, mistake of counsel does not serve as a ground for equitable tolling. See, e.g., Harris, 209 F.3d at 330–31; Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (unpublished). Accordingly, the court declines to equitably toll the AEDPA's one-year statute of limitations, and dismisses McDougald's section 2255 motion as time-barred.

After reviewing the claims presented in the section 2255 motion in light of the applicable standard, reasonable jurists would not find the court's treatment of any of McDougald's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied. See 28 U.S.C. § 2253(c).

## II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 34], DISMISSES McDougald's section 2255 motion [D.E. 25, 29, 32], DENIES AS MOOT McDougald's motion to

5

amend [D.E. 26], and DENIES a certificate of appealability.

SO ORDERED. This 3 day of October 2012.

/s/ James C. Dever<br>
JAMES C. DEVER III<br>
Chief United States District Judge